UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL PETRUCCI | CIVIL ACTION |
| VERSUS | NO: 19-12020 |
| SALVATORE CHRISTINA, ET AL. | SECTION: "A" (5) |

**ORDER AND REASONS**

The following motions are before the Court: **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 47)** filed by defendants Salvadore Christina, Kevin Klibert, and the Becnel Law Firm, LLC (referred to at times collectively as "the Becnel defendants"); **Motion to Dismiss (Rec. Doc. 51)** filed by defendants Bradley Egenberg and Egenberg, APLC (referred to hereinafter in the singular as "Egenberg"); **Motion for Sanctions (Rec. Doc. 49)** filed by the Becnel defendants. Plaintiff, Michael Petrucci, through counsel, opposes the motions. The motions, noticed for submission on November 25, 2020, are before the Court on the briefs without oral argument.[1]

**I.    Background**

The plaintiff, Michael Petrucci, initiated this action in proper person against Salvadore Christina, Kevin Klibert, Daniel Becnel, Jr., Daniel Becnel, III, and the Becnel Law Firm alleging that his economic injury claims arising out of the Deepwater Horizon Oil Spill were denied due to legal malpractice committed by the firm's attorneys, in particular attorney Salvadore Christina. Petrucci later filed an amended complaint

---

[1] Attorney Daniel Becnel, Jr. is now deceased. Petrucci will move to substitute the succession representative in Mr. Becnel's place once that person is identified. (Rec. Doc. 52, Opposition at 6 n.4).

1

adding attorney Bradley Egenberg and Egenberg, APLC alleging that Egenberg caused Petrucci's legal malpractice claims against the attorneys with the Becnel firm to become time-barred. Petrucci had hired Egenberg to pursue legal malpractice claims against the Becnel defendants after terminating their services. Petrucci contends that Egenberg misunderstood the manner in which prescription/peremption works under Louisiana law, and therefore allowed at least some of his claims against the Becnel defendants to become time-barred.

Petrucci later retained counsel to represent him in this lawsuit and through counsel he was granted leave to file a Second Amended Complaint ("SAC") (Rec. Doc. 41), which is now the governing pleading. The SAC is eighty pages long and comprises 310 paragraphs that describe in painstaking detail how the defendant attorneys allegedly damaged Petrucci through various acts of legal malpractice. In a nutshell, this case involves legal malpractice claims against two sets of attorneys: 1) the Becnel defendants, whom Petrucci hired to prosecute his economic injury claims arising out of the Deepwater Horizon Oil Spill, and 2) Egenberg, whom Petrucci hired in May 2018 to pursue legal malpractice claims against the Becnel defendants.

The motions currently before the Court all relate to whether Petrucci's legal malpractice claims against the Becnel defendants are time-barred, and if so, when they became time-barred. The Becnel defendants contend that all claims against them were time-barred before Petrucci filed this lawsuit on August 5, 2019. Egenberg's position is that Petrucci's claims against the Becnel defendants were already extinguished by operation of law by the time that Petrucci hired him, and therefore, nothing Egenberg did or did not do caused injury to Petrucci. The Becnel defendants' motion for sanctions

is grounded on the contention that Petrucci's current attorneys violated Federal Rule of Civil Procedure 11 by naming the Becnel defendants in the SAC all the while knowing that the claims against them were extinguished by operation of law due to peremption.

## II.  Law and Analysis

Louisiana law governs the timeliness of Petrucci's legal malpractice claims. The starting point for the legal analysis is La. R.S. § 9:5605, entitled Actions for Legal Malpractice, which provides in relevant part:

> No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue ***within one year*** from the date of the alleged act, omission, or neglect, or ***within one year*** from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest ***within three years*** from the date of the alleged act, omission, or neglect.

La. Rev. Stat. Ann. § 9:5605(A) (West 2007) (emphasis added).

"The peremptive period provided in Subsection A [above] ***shall not apply in cases of fraud***, as defined in Civil Code Article 1953." *Id.* § 5605(E) (emphasis added).

The decision rendered by the Louisiana Supreme Court in *Lomont v. Bennett*, 172 So. 3d 620 (La. 2015), provides illuminating guidance as to how the one and three-year limitations periods provided in § 9:5605(A) operate in cases where the plaintiff alleges that fraudulent conduct is involved. In *Lomont*, the Supreme Court resolved a split among the courts of appeal and held that post-malpractice fraudulent concealment can constitute fraud for purposes of § 9:5605(E). 172 So. 3d at 628. Prior to *Lomont*

3

some courts of appeal in Louisiana had interpreted the statute such that the act of malpractice itself had to be fraudulent in order to trigger § 9:5605(E). *Id.*

Moreover, although all of the time periods in La. R.S. § 9:5605 are peremptive in nature,[2] once fraud is established and § 9:5605(E) is triggered, <u>none</u> of those peremptive periods continue to be applicable, *Lomont*, 172 So. 3d at 636, and the governing limitations period reverts to a liberative prescription of one year which is subject to suspension and tolling, *id.* at 637. Thus, in cases where fraud is established under § 9:5605(E), a legal malpractice claim is governed by the one-year prescriptive period set forth in Civil Code article 3492, which may be impacted by the jurisprudential doctrine of *contra non valentem* as well as the continuous representation rule. *Id.* at 637. In a fraud case where prescription has been suspended by operation of § 9:5605(E), it becomes important to determine precisely when prescription began to run against the plaintiff. The "date of discovery" from which prescription/peremption begins to run is the "date on which a reasonable man in the position of the plaintiff has, or should have, either actual or construction knowledge of the damage, the delict, and the relationship between them sufficient to indicate to a reasonable person he is the victim of a tort and to state of a cause of action against the defendant. *Lomont*, 172 So. 3d at 638 (citing *Jenkins v. Starns*, 85 So. 3d 612, 621-22 (La. 2012)).

---

[2] The difference between prescription and peremption is that prescription prevents the enforcement of a legal action but does not terminate the natural obligation, whereas peremption extinguishes or destroys the cause of action itself. *Bernard, Cassisa, Elliot and Davis v. Estate of Laporte*, 113 So. 3d 397, 400 (La. App. 5th Cir. 2013) (citing La. Civ. Code arts. 3447, 3458; *Naghi v. Brener*, 17 So. 3d 919, 923 (La. 2009)). A peremptive period differs from a prescriptive period in that it is not subject to interruption or suspension. *Borel v. Young*, 989 So. 2d 42, 62 (citing La. Civ. Code art. 6461).

4

Mindful that under federal law motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted, *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Alum. & Chem. Sales v. Avondale Ship.*, 677 F.2d 1045, 1050 (5th Cir. 1982)), and mindful that under Louisiana law peremptive statutes are strictly construed against peremption and in favor of the claim, *Lomont*, 172 So. 3d at 627 (quoting *Rando v. Anco Insul., Inc.*, 16 So. 3d 1065, 1082 (La. 2009)), the Court is persuaded that the motions to dismiss should be denied at the pleading stage. The SAC contains detailed factual allegations of concealment on the part of the Becnel defendants that may trigger § 9:5605(E) rendering the peremptive periods in § 9:5605(A) inapplicable. At this juncture the Court must accept these factual allegations as true and liberally construe them in favor of the plaintiff. *Lowrey*, 117 F.3d at 247 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)). To be clear, if Petrucci does not ultimately prevail in his fraud allegations against the Becnel defendants, then the peremptive periods found in § 9:5605(A) may be found to have extinguished by operation of law all of his claims against the Becnel defendants, and this might very well have occurred before Petrucci hired Egenberg to pursue the claims. Afterall, some of the acts of alleged malpractice described in the SAC date back to 2012.[3]

---

[3] The acts of alleged malpractice against the Becnel defendants sound in negligence not fraud. The species of fraud at issue in this case is post-malpractice concealment that allegedly occurred during the course of the representation. Louisiana Civil Code article 1953, entitled Fraud May Result From Misrepresentation or From Silence, provides: "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." In order to find fraud from silence there must be a duty to speak. *Lomont*, 172 So. 3d at 629 (citing *Greene v. Gulf Coast Bank*, 593 So. 2d 630, 632 (La. 1992)). The refusal to speak in the face of an obligation to do so is unfair and potentially fraudulent. *Id.* (quoting *Bunge Corp. v. GATX Corp.*, 557 So. 2d 1376, 1383 (La.

The Court recognizes that in their motion to dismiss the Becnel defendants have not ignored that Petrucci has attempted to plead a fraudulent concealment case against them. In other words, the Becnel defendants' motion embraces the possibility of *Lomont* applying to make this case subject to a one year prescriptive period. In this vein, the Becnel defendants point out that Petrucci discovered some of the alleged malpractice in May/June 2018, when with the assistance of Philip J. Starr, Esq., Petrucci began to examine his file, and this lawsuit was initiated against the Becnel defendants on August 5, 2019, which is more than one year after the discovery. Thus, if Petrucci's legal malpractice claims against the Becnel defendants are subject to a single prescriptive period that accrued in May/June 2018, then his claims against the Becnel defendants are prescribed. This is correct.

Petrucci does not deny (and it is clear from his detailed allegations) that some of the acts or omissions allegedly committed by the Becnel defendants were discovered by Petrucci more than a year before he filed suit. (Rec. Doc. 52, Opposition at 13). But Petrucci contends that the Becnel defendant's motion to dismiss should be denied because some of his claims against them surely remained viable as of August 2019. Petrucci obviously took great pains to plead his case in the SAC in terms of several discrete acts of malpractice but in the end it may very well be that prescription began to run as to all of these claims at the earlier date of May or June 2018 rendering all of the claims asserted against the Becnel defendants in this lawsuit to be time-barred notwithstanding the fraud allegations. Under this scenario, Petrucci's claim against

---

1990)). Rule 1.4 of the Rules of Professional Conduct imposes on the attorney an affirmative duty to speak. *Id.*

6

Egenberg, who terminated the representation on May 21, 2019, may not be time-barred. The Court cannot make the necessary determinations on the allegations alone.

In sum, the Court denies the motions to dismiss, which seek to adjudicate the fact-intensive issue of timeliness on the allegations in the SAC alone. The motion for sanctions, which is grounded on the contention that the Petrucci's claims were subject to peremption when the SAC was filed, is likewise denied.

Accordingly;`

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 47)** filed by defendants Salvadore Christina, Kevin Klibert, and the Becnel Law Firm, LLC is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Rec. Doc. 51)** filed by defendants Bradley Egenberg and Egenberg, APLC is **DENIED**.

**IT IS FURTHER ORDERED** that the **Motion for Sanctions (Rec. Doc. 49)** filed by defendants Salvadore Christina, Kevin Klibert, and the Becnel Law Firm, LLC is **DENIED**.

December 7, 2020

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE