UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL PETRUCCI | CIVIL ACTION |
| VERSUS | NO: 19-12020 |
| SALVATORE CHRISTINA, ET AL. | SECTION: "A" (5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion for Summary Judgment (Rec. Doc. 101)** filed by defendants Salvadore Christina, Kevin Klibert, and the Becnel Law Firm, LLC (referred to at times collectively as "the Becnel defendants").[1] Plaintiff, Michael Petrucci, through counsel, opposes the motion. The motion, noticed for submission on October 27, 2021, is before the Court on the briefs without oral argument. For the reasons that follow, the motion is granted.

### I.   Background

The plaintiff, Michael Petrucci, initiated this action in proper person against Salvadore Christina, Kevin Klibert, Daniel Becnel, Jr., Daniel Becnel, III, and the Becnel Law Firm alleging that his economic injury claims arising out of the Deepwater Horizon Oil Spill were denied due to legal malpractice committed by the firm's attorneys, in particular attorney Salvadore Christina. Petrucci later filed an amended complaint adding attorney Bradley Egenberg and Egenberg, APLC alleging that Egenberg caused

---

[1] Attorney Daniel Becnel, Jr. is now deceased.  Mary Hotard Becnel, solely in her capacity as Independent Administrator of the Succession of Daniel Becnel, Jr., was substituted as a party in Mr. Becnel's place. (Rec. Doc. 78, Order). The record reflects service on neither Mr. Becnel nor his succession representative.

Petrucci's legal malpractice claims against the attorneys with the Becnel firm to become time-barred. Petrucci had hired Egenberg to pursue legal malpractice claims against the Becnel defendants after terminating their services. Petrucci contends that Egenberg misunderstood the manner in which prescription/peremption works under Louisiana law, and therefore allowed at least some of his claims against the Becnel defendants to become time-barred.

Petrucci later retained counsel to represent him in this lawsuit and through counsel he was granted leave to file a Second Amended Complaint ("SAC") (Rec. Doc. 41), which is now the governing pleading. The SAC is eighty pages long and comprises 310 paragraphs that describe in painstaking detail how the defendant attorneys allegedly damaged Petrucci through various acts of legal malpractice. In a nutshell, this case involves legal malpractice claims against two sets of attorneys: 1) the Becnel defendants, whom Petrucci hired to prosecute his economic injury claims arising out of the Deepwater Horizon Oil Spill, and 2) Egenberg, whom Petrucci hired in May 2018 to pursue legal malpractice claims against the Becnel defendants.

On December 7, 2020, the Court denied the Becnel defendants' Rule 12(b)(6) motion to dismiss after declining to adjudicate the fact-intensive issue of timeliness on the allegations in the SAC alone. (Rec. Doc. 64, Order and Reasons).

On October 28, 2021, the Court granted a motion to withdraw filed by Mr. Petrucci's attorneys. (Rec. Doc. 109, Minute Entry). Mr. Petrucci is therefore once again unrepresented. Nonetheless Mr. Petrucci was ordered to appear for his deposition on November 18, 2021 in New Orleans under pain of dismissal. (*Id.*).

2

The motion for summary judgment currently before the Court relates to whether Petrucci's legal malpractice claims against the Becnel defendants are time-barred, and if so, when they became time-barred. The Becnel defendants contend that all claims against them were time-barred before Petrucci filed this lawsuit on August 5, 2019. Mr. Petrucci's former attorneys filed an opposition on his behalf before they were allowed to withdraw from the case. As pointed out in the opposition, the motion re-urges the contentions first raised in the movants' motion to dismiss.[2]

No trial date is set at this time. A follow-up telephone conference is set for January 5, 2022. (Rec. Doc. 110, Order).

## II.  Law and Analysis

The Becnel defendants contend that there is no genuine issue of material fact regarding the date that Petrucci discovered the alleged legal malpractice that forms the basis of his claims against them. The Becnel defendants argue that more than one-year elapsed between discovery and filing, and therefore whether Petrucci's claims are analyzed under peremption or prescription, his claims were time-barred when he filed suit.

At the outset the Court finds unpersuasive the argument that the instant motion for summary judgment should be denied for the same reasons that the earlier Rule 12(12)(6) motion was denied given that the Becnel defendants have offered no new admissible evidence this time around. Under federal law motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted. *Lowrey v. Tex. A&M Univ.*

---

[2] The Court found the opposition filed by Mr. Petrucci's former attorneys to be thorough and well-argued. Mr. Petrucci's loss on summary judgment cannot be attributed to any deficiency on the part of his former attorneys.

*Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Alum. & Chem. Sales v. Avondale Ship.*, 677 F.2d 1045, 1050 (5th Cir. 1982)). The case is no longer in the same posture as when the Rule 12(b)(6) motion was filed.

Further, admissibility of the proffered evidence aside, the Becnel defendants' burden as movants on summary judgment is not to disprove Petrucci's allegations against them. Rather, once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986), Rule 56 places the burden on the non-movant to designate the specific facts in the record that create genuine issues for trial precluding summary judgment. *Id.* (citing Fed. R. Civ. Pro. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L.Ed.2d 538 (1986)); *Jones .v Sheehan, Young, & Culp, P.C.*, 82 F.3d 1334, 1338 (5th Cir. 1996). Conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)).

That said, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir.2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.

4

*Id.* (citing *Anderson*, 477 U.S. at 248, 106 S. Ct. 2505.). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255, 106 S. Ct. 2505).

Louisiana law governs the timeliness of Petrucci's legal malpractice claims. The starting point for the legal analysis is La. R.S. § 9:5605, entitled Actions for Legal Malpractice, which provides in relevant part:

> No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue ***within one year*** from the date of the alleged act, omission, or neglect, or ***within one year*** from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest ***within three years*** from the date of the alleged act, omission, or neglect.

La. Rev. Stat. Ann. § 9:5605(A) (West) (emphasis added).

"The peremptive period provided in Subsection A [above] ***shall not apply in cases of fraud***, as defined in Civil Code Article 1953." *Id.* § 5605(E) (emphasis added).

The decision rendered by the Louisiana Supreme Court in *Lomont v. Bennett*, 172 So. 3d 620 (La. 2015), provides illuminating guidance as to how the one and three-year limitations periods provided in § 9:5605(A) operate in cases where the plaintiff alleges that fraudulent conduct is involved. In *Lomont*, the Supreme Court resolved a split among the courts of appeal and held that post-malpractice fraudulent concealment can constitute fraud for purposes of § 9:5605(E). 172 So. 3d at 628. Prior to *Lomont*

5

some courts of appeal in Louisiana had interpreted the statute such that the act of malpractice itself had to be fraudulent in order to trigger § 9:5605(E). *Id.*

Moreover, although all of the time periods in La. R.S. § 9:5605 are peremptive in nature,[3] once fraud is established and § 9:5605(E) is triggered, <u>none</u> of those peremptive periods continue to be applicable, *Lomont*, 172 So. 3d at 636, and the governing limitations period reverts to a liberative prescription of one year which is subject to suspension and tolling, *id.* at 637. Thus, in cases where fraud is established under § 9:5605(E), a legal malpractice claim is governed by the one-year prescriptive period set forth in Civil Code article 3492, which may be impacted by the jurisprudential doctrine of *contra non valentem* as well as the continuous representation rule. *Id.* at 637. In a fraud case where prescription has been suspended by operation of § 9:5605(E), it becomes important to determine precisely when prescription began to run against the plaintiff. The "date of discovery" from which prescription/peremption begins to run is the "date on which a reasonable man in the position of the plaintiff has, or should have, either actual or constructive knowledge of the damage, the delict, and the relationship between them sufficient to indicate to a reasonable person that he is the victim of a tort and to state a cause of action against the defendant. *Lomont*, 172 So. 3d at 638 (citing *Jenkins v. Starns*, 85 So. 3d 612, 621-22 (La. 2012)).

---

[3] The difference between prescription and peremption is that prescription prevents the enforcement of a legal action but does not terminate the natural obligation, whereas peremption extinguishes or destroys the cause of action itself. *Bernard, Cassisa, Elliot and Davis v. Estate of Laporte*, 113 So. 3d 397, 400 (La. App. 5th Cir. 2013) (citing La. Civ. Code arts. 3447, 3458; *Naghi v. Brener*, 17 So. 3d 919, 923 (La. 2009)). A peremptive period differs from a prescriptive period in that it is not subject to interruption or suspension. *Borel v. Young*, 989 So. 2d 42, 62 (citing La. Civ. Code art. 6461).

Petrucci retained the Becnel defendants on November 10, 2011, to represent him with regard to his Oil Spill related damages. Again, the SAC describes in painstaking detail how the defendant attorneys allegedly damaged Petrucci through various acts of legal malpractice during the course of the representation. The fraud allegations in this case involve alleged misrepresentations by the Becnel defendants made to Petrucci for the purpose of keeping him in the dark about the problems with his case, and in particular the problems caused by their allegedly deficient performance. Petrucci later became discontented with the representation and he terminated the Becnel defendants by letter dated February 19, 2018. Petrucci received his file from the Becnel defendants on or about April 23, 2018.

It is undisputed that the alleged acts of malpractice that allegedly damaged Petrucci occurred in 2017. All of the affirmative acts by the Becnel defendants that allegedly constituted fraud likewise occurred in 2017. According to Petrucci, the Becnel defendants stopped responding to Petrucci's phone calls in November 2017 and he never spoke with them again. (SAC ¶¶ 187-188). There is no suggestion that Petrucci either knew or should have known when he terminated the representation in February 2018 and subsequently received his file in April 2018 that he had been the victim of attorney malpractice.

The Becnel defendants contend that Petrucci knew of the alleged malpractice by May 3, 2018, because that was the date that he retained the Egenberg firm (now a defendant in this case) to pursue a legal malpractice claim against the Becnel defendants. Of course, this assertion is not in question because in the SAC Petrucci alleges that his friend Mr. Philip J. Starr, Esq., who reviewed the Becnel client file for

7

him, discovered at least some of the malpractice almost immediately and even phoned Petrucci in the first week of May 2018 to inform him about the malpractice. (SAC ¶ 209). And on June 10, 2018, Starr provided more detail to the Egenberg firm about the alleged malpractice that he had uncovered while reviewing the file. (*Id.* ¶ 211).

Three important points arise out of the foregoing timeline, which is established by Petrucci's own undisputed version of the events leading up to filing suit in this Court. First, by May 2018 and certainly no later than June 2018, Petrucci had actual knowledge of "the damage, the delict, and the relationship between them" sufficient to alert him to the fact that he had been the victim of a tort. *See Lomont*, 172 So. 3d at 638. Second, by this point in time the representation had already been terminated so there can be no argument that the continuous representation rule applies to stall the commencement of prescription and the accrual of the cause of action. Third, the delay in waiting until August 5, 2019 to file this lawsuit had nothing whatsoever to do with any conduct on the part of the Becnel defendants, who had completely dropped out of the picture by the time that the cause of action for legal malpractice accrued. So giving Petrucci the full benefit of the doubt on his allegations, and therefore assuming that post-malpractice "fraud" occurred in this case thereby triggering the fraud exception to peremption, that fraud had nothing whatsoever to do with the undisputed fact that suit was filed well over one year after the malpractice was discovered and the cause of action accrued.[4]

---

[4] To be clear, no party should construe the Court's Order and Reasons as implicitly finding the Egenberg defendants at fault. For purposes of the Becnel defendants' motion the Court has construed all of the facts and legal issues, *i.e.*, that the fraud exception even applies here, in Petrucci's favor. The Egenberg defendants remain free to pursue their contention that all of the legal malpractice claims against the Becnel defendants were time-barred before Egenberg was retained and that the fraud exception does not apply in this case.

The Court's analysis need not go further to conclude that the claims against the Becnel defendants are time-barred but the Court will nonetheless address the Becnel defendants' Exhibit 1. (Rec. Doc. 101-4). Exhibit 1 is a letter authored by Petrucci, dated October 14, 2019, to Bradley Egenberg (now a defendant in this case) in which Petrucci made a pre-suit settlement proposal to Egenberg. The following paragraph, which refers to the claims against the Becnel defendants, is elucidating:

> I became aware of the malpractice after Philip reviewed the files within a day or two of me retaining you on May 3, 2018, and as such, I believe that I had until about May 4, 2019 for you to file the lawsuit for all of my causes of action (including causes of action that you stated that I had until August 2019 for which to file).

(Rec. Doc. 101-4, Exhibit 1).

Petrucci's assertion in this letter is not remarkable because it is completely consistent with the detailed allegations in the SAC. Thus, regardless of whether the letter would be admissible evidence in this case,[5] the Becnel defendants are entitled to judgment as a matter of law.

In sum, regardless of who bears the burden of proof on the timeliness issue, Petrucci's legal malpractice claims against the Becnel defendants are clearly time-barred.[6] Even assuming that the fraud exception of § 9:5605(E) is triggered so that

---

[5] Federal Rule of Evidence 408, Compromise Offers and Negotiations, renders inadmissible "furnishing, promising, or offering--or accepting, promising to accept, or offering to accept--a valuable consideration in compromising or attempting to compromise the claim," either to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction. Fed. R. Evid. 408(a)(1). But the rule expressly allows the evidence to be admitted for "another purpose." Id. § 408(b).

[6] Ordinarily, the burden of proof is on the party claiming prescription. *Eastin v. Entergy Corp.*, 865 So. 2d 49, 54 (La. 2004) (citing *Lima v. Schmidt,* 595 So. 2d 624, 628 (La.1992)). However, when prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. *Id.* (citing *Younger v. Marshall Ind., Inc.,* 618 So. 2d 866, 869 (La.1993); *Williams v. Sewerage & Water Bd. of New*

peremption gives way to liberative prescription of one year per *Lomont*, *supra*, the Becnel defendants are entitled to summary judgment.

Accordingly;`

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 47)** filed by defendants Salvadore Christina, Kevin Klibert, and the Becnel Law Firm, LLC is **GRANTED**. The claims asserted by the plaintiff against Salvadore Christina, Kevin Klibert, and the Becnel Law Firm, LLC are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the complaint against Mary Hotard Becnel, solely in her capacity as Independent Administrator of the Succession of Daniel Becnel, Jr., and Daniel Becnel III, is likewise **DISMISSED** for the same reasons given as to the other Becnel defendants.[7]

November 24, 2021

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

*Orleans,* 611 So. 2d 1383 (La.1993)). Again, the outcome in this case is the same regardless of who bears the burden of proof. There are no disputed issues of fact regarding the timeliness of the claims against the Becnel defendants.

[7] Daniel Becnel III, who was named as a party in the original complaint that Mr. Petrucci filed pro se, is not identified as a party in the SAC although his name appears in the caption of that pleading. As with Mary Hotard Becnel, the record does not reflect service on Mr. Becnel III.